Weight, J.
The first error upon which we remark is that relating to the want of jurisdiction in the justice to try the case. It is claimed that there is no jurisdiction, inasmuch as the justice can not have cognizance of any notion in which the title to real estate is sought to be recovered, or may be drawn in question. The ground of the objection is this: Section 7 of the act regarding the sale of intoxicating liquors provides that an unlawful sale of such liquors “ shall work a forfeiture of all rights of the lessee or tenant, under any lease or contract of rent upon premises where such unlawful sale or giving away shall take place.” 67 Ohio L. 102.
It is claimed that the phrase; “work a forfeiture,” implies that some coui’t of competent jurisdiction must declare such a forfeiture, and that a justice of the peace can not do so as to the tenant’s title. The Supreme Court in Justice v. Lowe, 26 Ohio St. 375, upon a similar case remarks: “ There is no foundation for such claim.”
And this case is not in conflict with Bowers v. Pomeroy, *672 21 Ohio St. 184, cited by plaintiff in error. Bowers sued defendants for selling liquor to her husband. Her action was against, not only the parties who sold, but also against the owner of the premises, who was liable, if at all, solely by reason of such ownership. Her case against the sellers was complete upon proving the act of sale; but as against-the owner it was necessary to prove not only a sale, but that such owner had title to the real estate, which can not be done in a cause pending before a justice. The owners of the real estate alone prosecuted a writ of error; those who had sold the liquor did not.
In Justice v. Lowe, as in the case at bar, the action was by the landlord against his tenant for a forfeiture. The tenant, can not dispute his landlord’s title, and if so, how can any question of title be raised which the justice is called upon to decide ?
The point,being thus settled, there is no error in the court below predicated upon this proposition.
The next error is, that the complaint is not sufficient, in that it does not state an j forcible entry or forcible detention.. It does state that defendant “ unlawfully” detained the possession of the premises. An unlawful detention is equivalent to a forcible one.
A landlord is not bound to make an onset, with violence- and arms, upon his tenant, in order to be able to prove that such tenant forcibly withholds. If the tenant has done-that which renders his lease void, and forfeits his term, the-lessor must commit a breach of the peace, or bring an action to recover his premises. The possession that requires a resort to either remedy involves the idea of force in the one case as much as the other, and the complaint is therefore sufficient. Barto v. Abbe, 16 Ohio, 409.
The next error is, that judgment was given for restitution of the whole premises of 350 acres, while the act, which is claimed to have forfeited the lease, was committed in a grocery — the liquor having been sold there.
The lease in this case is for the premises as an entirety,, *673 and the unlawful act committed upon any portion is a forfeiture of the whole.
The next error is, that the justice excused two of the-struck jury without challenge or cause.
The record shows that two of the jury were excused, but that is all. No exception was taken, and there is nothing to show but that they may have been excused by consent of parties. For all that appears, they may have been duly challenged, and sufficient cause may have been assigned. In order that error may he maintained, sufficient facts must appear in the bill of exceptions to show that such error was-actually committed by the court. They do not so appear here.
It is further claimed that the verdict of the jury was not such as the statute requires. Perhaps it was not exactly in-the form prescribed.
The statute says that “If the jury shall find the complaint true, they shall render a general verdict of guilty against the defendant; if not true, then a general verdict of not guilty; if true in part, then a verdict setting fortín the facts they find true.” (S. & 0. 793, sec. 134.)
The verdict returned was : “We, the jury in the above-case, do find for the plaintiff.”
There is nothing in thd record to show that defendant took any exception to this form of verdict at the time it was rendered, or asked that it be reformed. The proceedings before justices are to-.be treated by reviewing courts with liberal consideration. Doubtless if either party had made any suggestion at the time, the justice would have had the verdict put in the form prescribed. As the defendant did not object then, he can not do so now.
It is claimed that the verdict is against evidence. It has already been held by the Supreme Court that there is no law authorizing a bill of exceptions before a justice of the peace for the purpose of review, on the ground of the weight or sufficiency of evidence. Ohio, ex rel. Newshauler & Jones, *674 v. D. R. Wood, Justice of the Peace, 22 Ohio St. 537; Leonard & Cook v. City of Cincinnati, 26 Ohio St. 447.
Even if this were not so, we are unable to see how we •could properly interfere. The chief question seemed to turn on ginger wine, which it is proved was sold by defendant, McG-arvey, upon the premises. Some said this beverage was intoxicating; some said it was not. Whether this name, “ginger wine,” was merely a fanciful expression, by means of which the initiated understood something other than the name itself imports, the court can 'not say.
The plaintiff' himself testifies that he heard that defendant was selling liquor, and went to see him about it, when ■defendant practically admitted the truth of the charge, and •promised to quit. Upon all these facts, the jury found defendant guilty, and we are unable to see that they wTere wrong with that clearness that would justify us in reversal.
Nor does the fact that defendant had paid rent in advance condone the offense that he had committed. This would practically allow the parties themselves to repeal the ■statute if they chose so to do.
This is no error, and the judgment is affirmed.
Scott, Chief Judge, Day, Johnson, and Ashburn, JJ., con•curred.